

**THE ATTORNEY GENERAL**

**OF TEXAS**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 5, 1968

*Modified*
*(O-192)*

Honorable Robert S. Calvert
Comptroller of Public Accounts
State of Texas
State Capitol Building
Austin, Texas 78711

Opinion No. M-310

Re: Whether property of
the Housing Authority
of the City of Harlin-
gen would be subject
to ad valorem taxes in
view of the fact that
a small portion of
said property will be
let to concessionaires
who would operate the
facilities to serve

Dear Mr. Calvert:

the residents.

You recently requested the opinion of this department on
the following question:

"Whether any part of a five story hotel
purchased by the Housing Authority of the
City of Harlingen to be utilized as low income
housing for the elderly, would be subject to
ad valorem taxes, if a small portion of the
lower floor of such hotel be let to concession-
aires who would operate facilities to serve the
residents."

The Housing Authority of the City of Harlingen is
authorized by Article 1269k of Vernon's Civil Statutes.
Section 22 of said Article provides:

"The property of an authority is declared
to be public property used for essential public
and governmental purposes and such property
and an authority shall be exempt from all taxes
and special assessments of the city, the county,

- 1510 -

the State or any political subdivision there-
of; provided, however, that in lieu of such
taxes or special assessments, an authority
may agree to make payments to the city or the
county or any such political subdivision for
improvements, services, and facilities furnish-
ed by such city, county, or political sub-
division for the benefit of a housing project,
but in no event shall such payments exceed the
estimated cost to such city, county, or political
subdivision of the improvements, services, or
facilities to be so furnished."

In Attorney General Opinion No. O-1921 (1940), the
Attorney General's Department ruled that the statutory
exemption given in Section 22 of Article 1269k, supra, was
a constitutional exercise of power by the legislature.  In
conclusion this opinion provided:

"In our opinion, Section 22 of Article 1269k,
Vernon's Annotated Civil Statutes, commonly known
and cited as the 'Housing Authorities Law' is a
constitutional exemption from taxation, and
property owned by the Housing Authority of Browns-
ville, Texas, duly created under said Act as a
public body corporate and politic, and an agency
or instrumentality of the State of Texas, under
its police power, is 'public property used for
public purposes,' entitled to exemption from State
and County ad valorem taxes under said 'Housing
Authorities Law' and controlling constitutional
provisions."

The controlling constitutional provision referred to in
that opinion is Article VIII, Section 2, Constitution of
Texas, which provides, in part:

". . . the Legislature may, by general
laws, exempt from taxation public property used
for public purposes. . ."

Although the result reached in that opinion is still
correct, the Supreme Court of Texas in City of Beaumont v.

Fertitta, 415 S.W.2d 902 (Tex.Sup. 1967), has held
that Article VIII, Section 2, supra, did not apply to
publicly owned property, and accordingly Attorney General
Opinion No. O-1921 (1940) is modified to the extent of
such holding and any conflict with this opinion.  Regard-
ing lands owned by the City of Beaumont, the Court stated
at page 909:

> Respondents  . . . contend that since
> this property is public property not used
> for public purposes the Legislature is
> prohibited from exempting it from taxation
> by Article VIII, Section 2, of the Consti-
> tution.  While property owned by cities is
> public property, it is not the type of
> public property to which Article VIII,
> Section 2 is applicable . . ."

In the course of its opinion, the Court reaffirmed its
holding in Daugherty v. Thompson, 71 Tex. 192, 9 S.W. 99,
wherein it defined what was meant by the words "public proper-
ty used for public purposes  as used in Article VIII, Sec-
tion 2, in these words:

> That section of the constitution
> seems to apply to property owned by
> persons or corporations in private right,
> but which, from the use to which it is
> applied, is, in a qualified sense, deemed
> public property.

This construction does not allow any application of
said provision to property of a Housing Authority.  Further-
more, the Court in City of Beaumont v. Fertitta, supra,
held in effect, that publicly owned property was not required
to be taxed by the Constitution:

> "It can be readily seen that the
> only property required to be taxed by
> the Constitution is private property
> held by natural persons or private
> corporations.  (Emphasis ours.)

Since publicly owned property is not required to be taxed, the Legislature may tax or choose not to tax such property. By exempting the property of Housing Authorities in Section 22, of Article 1269k, the Legislature has clearly chosen not to tax such property. City of Beaumont v. Fertitta, supra.

This opinion does not purport to pass on any question of whether taxes can be lawfully assessed against the leasehold interest of a lessee of the Housing Authority, as where the property is held under a lease for a term of three years or more under the provisions of Article 7173, Vernon's Civil Statutes. See City of Beaumont v. Fertitta, supra, holding that a tax on the leasehold was assessable not against the City but against its lessees.

## S U M M A R Y

There is no constitutional prohibition against a complete exemption from taxation of property of a Housing Authority and such an exemption is clearly given in Article 1269k, Section 22, Vernon's Civil Statutes. The Legislature in said exemption chose not to tax the property of a Housing Authority; therefore, the property of the Housing Authority of the City of Harlingen is not taxable, even though a portion of the property is let to concessionaires operating the facilities to serve the residents. Attorney General Opinion No. O-1921 (1940) is modified to the extent that Article VIII, Section 2 of the Constitution of Texas does not apply to publicly owned property, as determined in City of Beaumont v. Fertitta, 415 S.W.2d 902 (Tex.Sup. 1967). This opinion does not pass on the taxability of leasehold interests of lessees of the Housing Authority and arising under a lease for a term of three

years or more pursuant to the provisions of Article 7173, Vernon's Civil Statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Wardlow Lane
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns B. Taylor, Chairman
Alfred Walker
Bill Allen
Harold Kennedy
Arthur Sandlin

A. J. CARUBBI, JR.
Executive Assistant